Dear Executive Coordinator, Walker.
¶ 0 This office has received your request for an Opinion addressing the following question:
 May the salary of a district attorney or assistant district attorney be paid by the state from sources other than general revenue (i.e., through child support contracts, the district attorney bogus check program, federal grant program funds, drug asset seizure and forfeiture funds)?
¶ 1 The starting point in an analysis of your question is found at 19 O.S.Supp. 1994, § 215.30(C). It reads, in part, as follows:
 The salaries of the district attorneys and the salaries of the assistant district attorneys and their operating and maintenance expenses in each county shall be paid by the state.
¶ 2 As 19 O.S.Supp. 1994, § 215.30[19-215.30](C) indicates, the salaries of district attorneys and assistant district attorneys shall be paid by the State. Section 215.30(D) provides the mechanism for making these payments. Subsection D designates the District Attorneys Council as the state agency "for the administration and disbursement of all salaries and expenses of the offices of district attorneys authorized by law." Therefore, district attorney and assistant district attorney salaries are paid by the State through the District Attorneys Council.
¶ 3 In order to determine if there are sources other than the State's general revenue to pay these salaries, the specific statutes must be reviewed. For instance, 19 O.S.Supp. 1994, §215.30[19-215.30](C)(2) states, in part, as follows:
 The salaries and operating expenses of those assistant district attorneys who are assigned to child support enforcement duties shall be paid by funds received as reimbursement from the Department of Human Services under terms of a contract with the office of the district attorney as authorized by Section 237.1 of Title 56 of the Oklahoma Statutes.
(Emphasis added.)
¶ 4 Title 56 O.S. 1991, § 237.1[56-237.1] states as follows:
 District attorneys may enter into agreements with the Department of Human Services for the enforcement and collection of child support obligations under Part D of Title IV of the Federal Social Security Act. . . . Such agreements may include provisions for the payment of federal or state funds to the district attorney for the payment of any expense incurred in the operation of his office for the purposes of said agreement.
(Emphasis added.)
¶ 5 Based upon the specific language of the two sections referred to above, district attorneys may use money received from the Department of Human Services under the terms of a contract to pay the salaries of assistant district attorneys assigned to child support enforcement duties.
¶ 6 Title 22 O.S. 1991, § 114[22-114] allows the district attorney to utilize the "Bogus Check Restitution Program Fund" to defray the expenses of the Bogus Check Restitution Program. Whether an item is considered an expense of the Bogus Check Restitution Program is a question of fact. However, it is likely that salaries of personnel assigned to the Program, including district attorneys and assistant district attorneys, would be considered such an expense. Thus, it is possible that these funds may be used to pay the salaries of the attorneys who are assigned to the Bogus Check Restitution Program.
¶ 7 Title 63 O.S.Supp. 1994, § 2-506[63-2-506](L)(3) addresses the issue of whether drug asset seizure and forfeiture funds may be utilized to pay the salaries of district attorneys and assistant district attorneys. This section states that a portion of the proceeds of the sale of seized or forfeited property shall be distributed to a revolving fund in the office of the county treasurer of the county where the property was seized. The section further states that the fund shall be used for enforcement of controlled dangerous substances laws, drug abuse prevention and drug abuse education. Id. The fund shall be "maintained by the district attorney in his discretion for those purposes with a yearly accounting to the board of county commissioners in whose county the fund is established and to the District Attorneys Council[.]" Id. Thus, according to this provision, the salary of a district attorney or assistant district attorney involved in the enforcement of controlled dangerous substance laws may be paid from drug asset seizure and forfeiture funds consistent with the salary limitations otherwise imposed by law.
¶ 8 Whether federal grant program funds, or any other funds for that matter, may be utilized to pay the salary of a district attorney or assistant district attorney must be determined from the terms of the grant or any applicable state or federal law. There must be specific authority granting the district attorney the power to utilize any funds for salaries. Furthermore, these funds must be administered and disbursed through the District Attorneys Council in accordance with 19 O.S.Supp. 1994, §215.30[19-215.30](D) and 19 O.S. 1991, § 215.35B[19-215.35B] which states that "[a]ll personnel employed by a district attorney, regardless of funding source, shall be carried on the payroll administered by the District Attorneys Council."
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Because there is specific statutory authority to pay a district attorney or assistant district attorney's salary from several sources, those sources may be utilized. There is no statutory requirement in 19 O.S.Supp. 1994, § 215.30(C) that the funds come from the State's general revenue exclusively.
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 JUDY A. TERRY ASSISTANT ATTORNEY GENERAL